Lanning M. Trueb, ABA 8911083
Trueb & Beard, LLC
330 L Street, Suite 101
Anchorage, AK 99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: Ltrueb@tbmaritimegroup.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| CAYLA CLURE,<br><br>                  Plaintiff,<br><br>    v.<br><br>JOSEPH A. RESETARITS,<br><br>                  Defendant. | AT LAW AND IN ADMIRALTY<br><br>No.   3:24-cv-00033-SLG<br><br><br>COMPLAINT FOR MARITIME PERSONAL INJURIES<br><br>JURY DEMAND |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE WITHOUT SECURITY AND PREPAYMENT OF COSTS**
**(28 U.S.C. §1916)**

Plaintiff Cayla Clure, through counsel Trueb & Beard, LLC, alleges the following causes of action against Defendant.

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction as herein more fully appears. The negligence action against plaintiff's employer arises under §33 of the Merchant Marine Act of 1920, presently found at 46 U.S.C. § 30104 (Jones Act). All other claims arise under the

Complaint
*Clure v. Resetarits*                                                                                 Page 1 of 7

general maritime law. Plaintiff elects to try her claims at law before a jury. For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. Plaintiff is a citizen of the United States of America and resides in Alaska.

3. Plaintiff, a seaman, was injured while in the service of and while working aboard the F/V PATIENCE, while the vessel was on navigable waters at or near Naknek, Alaska.

4. On information and belief, Joseph Resetarits is a citizen of the United States of America and resides in Alaska.

5. On information and belief, at all material times defendant Joseph Resetarits was plaintiff's employer.

6. On information and belief, at all material times Joseph Resetarits was the owner and/or owner *pro hac vice* and/or operator and/or charterer and/or controller of the vessel F/V PATIENCE, O.N. 668232.

7. This Court has both subject matter and personal jurisdiction over all of plaintiff's claims.

8. Plaintiff's injuries occurred on or about June 27, 2022. Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

**CLAIMS FOR NEGLIGENCE AND UNSEAWORTHINESS**

9. Plaintiff hereby realleges and incorporates paragraphs 1-8.

10. On or before June 27, 2022, plaintiff was engaged as a seaman by Joseph Resetarits and/or his agent(s) to be employed aboard the F/V PATIENCE.

11. On or about June 27, 2022, and while plaintiff was performing her duties aboard the F/V PATIENCE, and as a direct and proximate result of the negligence of defendant and/or its representatives, officers, agents, crew, or employees, and/or as the direct and proximate result

of the unseaworthiness of the F/V PATIENCE, plaintiff incurred injury to her right arm, wrist, hand and other body parts, while, in furtherance of her duties, and as directed by the captain of the vessel, plaintiff attempted to reposition the vessel's net tow line to the midship portside cleat. To do so, plaintiff was forced to bend down and place herself between the vessel's house and the net tow line. As she was performing her duties in attempting to tie the net tow line to the port side cleat, the vessel turned in causing the net tow line to swing towards the vessel's bow. As the net tow line swung forward, the line tightened and trapped plaintiff against the vessel's portside cabin wall – crushing plaintiff against the cabin wall.

12. In effort to free herself, plaintiff, pumped with adrenaline as she fought to breath, used both arms to push against the net tow line as hard as she could. Plaintiff pushed so hard she literally fractured the distal end of her radius forearm bone in two, and incurred other injuries to her arm, wrists, hand and other body parts.

13. Negligence and unseaworthiness are premised, without limit, on the lack of line of sight between the Captain and plaintiff, lack of means of communication between captain and crew aboard the vessel, the Captain's oversteering of the vessel, the lack of policies and procedures to ensure crew are safe before maneuvering the vessel in a manner that might put crew in harm's way and/or failure to follow policies and procedures to safely maneuver the vessel to ensure crew safety while performing duties aboard the deck.

14. As a direct and proximate result of said negligence and/or unseaworthiness as herein alleged, plaintiff was caused to suffer severe injuries, *inter alia*, to her right arm, wrist, hand, and other body parts and plaintiff suffered and may continue to suffer in the future, great amounts of physical pain with resultant physical disability and mental suffering.

15. Additionally, after plaintiff suffered her injuries on the F/V PATIENCE, defendant failed and/or refused to timely pay plaintiff and/or provide all of the maintenance, cure and unearned wages to which she was entitled. Defendant's negligent and/or intentional failure to pay maintenance, cure and unearned wages or otherwise provide for plaintiff's medical care and support during convalescence gives right to claims under the Jones Act, and were/are as a matter of law the legal cause of additional physical, emotional and/or economic injuries suffered by plaintiff.

16. As a direct and proximate cause of the above-described injuries, plaintiff was and is prevented from, and may in the future be prevented from, completely pursuing her regular occupation, and has suffered both past and future loss of income; as well as past and future pain and suffering, loss of enjoyment of life, physical disability, emotional and mental injury, reasonable and necessary medical expenses, and other general and special damages all in a sum in excess of One Hundred Thousand Dollars ($100,000.00), to be proven more definitely at trial in this matter.

## CLAIMS FOR MAINTENANCE AND CURE

17. Plaintiff hereby realleges and incorporates Paragraphs 1-16.

18. A vessel employer owes all seamen who become ill or injured while in the service of their vessel the no-fault maritime obligations of maintenance and cure.

19. The vessel employer's obligation to pay maintenance and cure is the most pervasive of all the obligations owed a seaman.

20. Defendant was plaintiff's vessel employer.

21. Defendant owed a duty to pay plaintiff maintenance and cure for the injuries plaintiff incurred aboard the F/V PATIENCE.

22. Defendant failed to pay plaintiff all the maintenance and cure owed plaintiff; and therefore, was and is in breach of his no-fault maritime injury obligations.

23. Plaintiff also claims herein all future maintenance and cure to which she is entitled, all in an amount to be determined at trial.

**CLAIM FOR ATTORNEY FEES & PUNITIVE DAMAGES FOR FAILURE TO PAY MAINTENANCE, CURE & UNEARNED WAGES**

24. Plaintiff hereby realleges and incorporates Paragraphs 1-23.

25. Following plaintiff's injury, defendant left plaintiff to her own means to obtain medical care for her injuries, and did nothing to assure plaintiff received the no fault maritime benefits of maintenance, cure and unearned wages.

26. Because defendant did nothing, plaintiff had to obtain medical care on her own; and without any maintenance or unearned wages, was forced to return to work prior to medical release.

27. Because defendant did nothing, plaintiff filed a claim with the Alaska Fisherman's Fund – noting she had attempted to reach the vessel Captain to obtain the vessel's insurance information but received no response.

28. Because defendant did nothing, plaintiff was required to satisfy herself various medical bills arising from her vessel injury.

29. Because defendant did nothing, plaintiff had to hire an attorney to obtain the maintenance, cure and unearned wages owed.

30. Plaintiff received no maintenance until April 24, 2023 – some 10 months after she left the vessel due to injury, and after she had to hire an attorney.

31. While plaintiff has yet to receive confirmation that defendant paid any medical costs, on information and belief defendant finally did pay some of the medical costs - but not

Complaint
*Clure v. Resetarits* Page 5 of 7

until October 2023, a year and four months after plaintiff's treatment – and after she had to hire an attorney.

32. Plaintiff did not receive payment for any unearned wages until December 20, 2023, a year and six months after she left the vessel – and after plaintiff had to hire an attorney.

33. Defendant's failure to pay maintenance, cure and unearned wages was intentional, willful, and callous; and done with a deliberate disregard of plaintiff's well-being.

34. As a result of defendant's actions in refusing to pay plaintiff's maintenance, cure and unearned wages, plaintiff is entitled to her actual attorney's fees and punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays this Court to hear her just cause of action, and that this Court require the defendant to answer her just cause of action, and that she be awarded judgment against defendant as follows:

1. That plaintiff be awarded maintenance and cure against defendant in an amount to be more fully determined at trial in this matter;

2. That plaintiff be awarded compensatory damages and general damages and any other damages allowable under the general maritime law and the Jones Act against defendant jointly and severally, in a sum in excess of One Hundred Thousand Dollars ($100,000.00), in an amount to be more fully determined at trial in this matter;

3. That plaintiff be awarded punitive damages and attorney fees against defendant in an amount to be determined at trial; and

4. That plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs and any other relief in law or equity to which plaintiff is shown to be entitled.

| | |
|---|---|
| | TRUEB & BEARD, LLC<br>Attorneys for Plaintiff |
| DATED: 02/06/24 | By: *s/ Lanning M. Trueb*<br>Lanning M. Trueb, ABA #8911083<br>330 L Street, Suite 101<br>Anchorage, AK 99501<br>Phone: (907) 277-0161<br>Fax: (907) 277-0164<br>Email: Ltrueb@tbmaritimegroup.com |

TRUEB & BEARD, LLC
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164